# 95 DTA 205

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I, SAN JUAN, PANEL IV**

ESTEBAN ADORNO CLEMENTE
Demandante-Apelante

v.

SUPERINTENDENTE DE LA POLICIA
Demandado-Apelado

Núm. KLAN-95-00710

San Juan, Puerto Rico, a 29 de junio de 1995

Panel integrado por su presidenta, Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Miranda De Hostos, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Se nos solicita en el presente recurso de apelación que dejemos sin efecto una sentencia dictada el día 8 de marzo de 1995, enmendada en reconsideración el día 28 de marzo de 1995, por el Tribunal de Primera Instancia, Sala Superior de San Juan, denegando el expedir un auto de *mandamus* contra el Superintendente de la Policía de Puerto Rico, (Superintendente) para que restituyera al apelante en su posición en la Policía de Puerto Rico.

Presentó el apelante como único error por parte del tribunal de instancia que; *"Erró el Tribunal Superior, Sala de San Juan al negarse el auto de mandamus solicitado."*

Evaluados los alegatos de las partes y luego de analizar los documentos que obran en autos procedemos a confirmar la sentencia dictada por los siguientes fundamentos.

# I

Los hechos que dieron motivo a la destitución del apelante por parte del Superintendente ocurrieron el día 16 de mayo de 1989, en el pueblo de Río Grande. Mientras el apelante se encontraba compartiendo con unos amigos fuera de las horas laborables, Edgardo Cruz Santiago y el policía Rafael Rivera Hernández, unos individuos le hicieron varios disparos a este último los cuales le causaron horas más tarde la muerte. Varios policías incluyendo al apelante que estaban francos de servicio, se dieron a la tarea de perseguir a los supuestos sospechosos del atentado, alcanzándolos posteriormente y agrediéndolos en sus rostros, pecho y sus genitales mientras estaban esposados e insultados de palabras luego de su detención. Horas más tarde, se les dejó en libertad por haberse arrestado e identificado las personas que en realidad cometieron el crimen.

Por los actos de agresión contra las personas que no resultaron ser los que cometieron el crimen, se levantó una acusación criminal en contra del apelante, siendo convicto en el caso *Pueblo v. Esteban Adorno Clemente,* FV90-G0113, por el delito grave de Tentativa de Asesinato, el día 23 de agosto de 1991, por el entonces Tribunal Superior, Sala de Carolina, condenándosele a dos (2) años de cárcel con costas, bajo el privilegio de una sentencia suspendida. Efectivo al día 18 de septiembre de 1991, luego de haberse dictado la sentencia en el caso penal, el Superintendente destituyó al apelante conforme al Art. 208 del Código Político de 1902, 31 L.P.R.A. sec. 556, por haber sido convicto y sentenciado por delito grave. En la notificación de destitución le informó al apelante que tenía derecho a apelar la determinación administrativa ante la Junta de Apelaciones del Sistema de Administración de Personal (JASAP) dentro del término de treinta (30) días a partir del recibo de la misma.■

Con fecha del 24 de octubre de 1991, el apelante presentó ante JASAP una apelación por su destitución la cual alegadamente fue posteriormente enmendada. (Exhibit 3 A.C.)

Luego de transcurrir varios trámites administrativos inclusive una Resolución de JASAP del 18 de febrero de 1992, donde se paralizó el proceso hasta que el Tribunal Supremo resolviera una apelación de la convicción del proceso penal, el día 5 de marzo de 1992, JASAP le concedió al apelante un término de diez (10) días para que mostrara causa por lo cual no se desestimara el recurso ante su consideración por abandono o falta de interés. Vencido dicho término en exceso y a petición del Superintendente el día 9 de junio de 1992, JASAP desestimó la apelación por falta de interés del promovente. (Exhibit 5 A.C.). Mediante resolución emitida el día 1ro. de julio de 1992, se declaró no ha lugar una moción de desestimación presentada por el apelante. (Exhibit 14 A.C.) . De esta resolución de desestimación el apelante no acudió en revisión al Tribunal Superior.

Simultáneo con este trámite para el mes de abril de 1991, la Comisión de Investigaciones Procesamiento y Apelación *sua sponte,* le formuló cargos por mal uso y abuso de autoridad, al apelante y los demás policías envueltos en los alegados hechos antes mencionados como parte de sus funciones investigativas pero no como un trámite en apelación de la destitución.

De estos cargos presentados se celebraron vistas los días 11 y 12 de mayo y el día 13 de julio de 1993. Mediante resolución emitida por la CIPA del 17 de julio de 1993, se exoneró al apelante de los cargos formulados sobre los eventos alegadamente ocurridos en Río Grande, el día 16 de mayo de 1989. (Exhibit 6 A.C.).

El día 29 de diciembre de 1994, el apelante presentó un recurso de *mandamus* en el Tribunal de Primera Instancia, Sala Superior de San Juan, donde solicitaba que el Superintendente lo reinstalara en su cargo en la Policía de Puerto Rico. Dicho recurso fue denegado al resolver el tribunal de instancia que no procedía la reinstalación del apelante al ser destituido por el Superintendente y dicha determinación advenir final y firme, cuando JASAP desestimó la apelación en el foro administrativo por falta de interés del promovente aquí apelante. Por lo cual la decisión emitida por la CIPA con posterioridad a la emitida por JASAP, no dejaba sin efecto la destitución del Superintendente.

Es necesario señalar que en una acción civil sobre daños y perjuicios en el caso, *Gladys Rivera Hernández y otros v. Policía de Puerto Rico y otros,* Civil Núm. FDP 90-0248(404) en el entonces Tribunal Superior, Sala de Carolina, el día 26 de junio de 1992, se dictó sentencia contra el apelante, donde se le imputó responsabilidad civil solidaria con el Estado Libre Asociado de Puerto Rico, por los daños físicos y angustias mentales causadas a las personas detenidas y agredidas durante los hechos antes mencionados.

En cuanto a la sentencia penal emitida por el Tribunal Superior, Sala de Carolina, la misma fue modificada en apelación al delito de Tentativa de Agresión Agravada, en su modalidad de delito grave, por el Tribunal de Apelaciones, Sección Norte el día 24 de diciembre de 1992. (Exhibit 21 A. C.). Dicha sentencia advino final y firme cuando el Tribunal Supremo denegó expedir auto de *certiorari* el día 26 de febrero de 1993. (Exhibit 15 A. C.).

Conforme los hechos antes determinados según los documentos que obran en autos, analicemos el derecho aplicable al respecto.

## II

El Código Político en su Art. 208, 3 L.P.R.A. sec. 556 dispone:

*"Vacantes, cómo ocurren*

*Queda vacante un cargo al ocurrir cualquiera de los siguientes casos,* antes de vencerse el período de su duración:

*(1).....*

*(2) .....*

*(3).....*

*(8) Ser sentenciado por delito grave (felony) o por cualquier delito que implique depravación moral, o infracción de sus deberes oficiales. Y ser sentenciado por tribunal competente por fraude electoral cometido en el desempeño de sus deberes como funcionario electoral."* (Énfasis suplido).

La Asamblea Legislativa al aprobar la ley que creó la fuerza civil de orden público de la Policía de Puerto Rico, le delegó la facultad para aprobar los reglamentos de la conducta de sus miembros. Art. 7 de la Ley Núm. 26 de 22 de agosto de 1974, 25 L.P.R.A. sec. 1007. De otra parte el Art. 14 del referido estatuto dispone:

*"Trámite de faltas graves*

*(a) El expediente de investigación de todo cargo grave incluirá un informe completo en torno a las imputaciones hechas contra el miembro o miembros de la Fuerza querellados. El*

*trámite de investigación y envío del expediente se hará sin demora innecesaria. El Reglamento determinará los oficiales que intervendrán en el expediente de investigación.*

*(b).....*

*(c) Los cargos por faltas graves serán formulados por escrito y firmados por el Superintendente.*

*(d).....*

*(e) El Superintendente tendrá facultad* **para suspender temporalmente, de empleo y sueldo, a cualquier miembro de la Fuerza mientras se practica cualquier investigación que se ordenare relativa a incompetencia, mala conducta o crimen** *de que se acuse a dicho miembro de la Fuerza. En tal caso, el Superintendente hará que se formulen los correspondientes cargos, sin demora innecesaria."* (Énfasis suplido).

25 L.P.R.A. sec. 1014.

El Reglamento de Personal de la Policía de Puerto Rico de 1981, vigente al momento en que ocurrieron los hechos que aquí nos ocupan, dispone en su artículo 14, sección 14.3(2)(a), sobre procedimientos disciplinarios que *"[e]l castigo a imponerse por falta grave será uno de los siguientes:* **expulsión del cuerpo,** *degradación o suspensión de empleo y sueldo..."* En ese mismo estatuto, en la sección 14.5[10] se define como una de las faltas graves que puede acarrear expulsión el *"[r]ealizar actos por los cuales fuere convicto en el tribunal de justicia competente de delito grave o delito menos grave que conlleve depravación moral, o por violación de los derecho civiles de un ciudadano."* (Énfasis suplido).

En su más reciente versión, el Reglamento de Personal de la Policía de Puerto Rico de 1993, dejó vigente las disposiciones antes mencionadas sobre procedimientos disciplinarios a miembros de la fuerza.

De tales disposiciones de ley, emana la autoridad del Superintendente de destituir a un policía que se le acusa y eventualmente es encontrado culpable por los tribunales de justicia, por la comisión de un delito grave como en el caso ante nuestra consideración. El Tribunal Supremo se ha pronunciado inclusive que aun cuando el funcionario público sea encontrado no culpable en los tribunales de justicia en una causa penal, ésta no impide que se destituya de su empleo basado en los mismos hechos por los cuales fue enjuiciado en el proceso penal. *Mundo v. Tribunal Superior,* 101 D.P.R. 302, 304 (1973). *Pagán Hernández v. U.P.R.,* 107 D.P.R. 720, 748 (1978). De permitir que la acción criminal supedite la determinación administrativa, se estaría atando *"[d]e manos a todo funcionario nominador y privarle de las prerrogativas que la ley le reconoce en materia de destituciones." Cruz v. Garrido Morales,* 58 D.P.R. 653, 663 (1941)■

Conforme los principios de derecho antes esbozados, concluimos que no incidió el Superintendente en destituir al apelante de sus funciones como policía.■

### III
En relación al trámite administrativo llevado a cabo en primera instancia en JASAP promovido por el apelante y en fechas simultáneas en la CIPA por iniciativa propia de dicho organismo, debemos señalar lo siguiente. Los cargos presentados ante la CIPA fueron por mal uso y abuso de autoridad, los cuales constituyen faltas graves al reglamento, y el recurso de apelación presentado ante JASAP promovido por la aquí apelante, fue en revisión por la destitución que emitiera el Superintendente por la convicción de delito grave.

Para el 12 de febrero de 1992, el apelante presentó una moción en la CIPA donde alegó que ésta, no tenía jurisdicción para entender en el recurso ante su consideración, puesto que el apelante fue cesanteado y no destituido o sancionado. (Ap. IV Apelado).

Nos señala ahora el apelante, en contraposición a lo que presentó en la CIPA, que el organismo apelativo con competencia exclusiva era la CIPA, según lo resuelto por el Tribunal Supremo en el caso *Ortiz Ruiz v. Superintendente de la Policía,* opinión de 4 de enero de 1993, **93 J.T.S. 1**. Debemos consignar que el caso antes mencionado resolvió que la CIPA tiene jurisdicción apelativa exclusiva sobre toda sanción impuesta por mal uso o abuso de la autoridad y el caso ante nuestra consideración es sobre la sanción impuesta de destitución por la comisión de delito grave, por lo cual la resolución emitida por JASAP en sus funciones apelativas, es válida en derecho, y el aquí apelante se sometió a la misma y no solicitó revisión ante el Tribunal Superior por lo cual es final y firme. Sec. 7.14 de la Ley Núm. 5 de octubre de 1975, 3 L.P.R.A. sec. 1394.

En cuanto a la alegada contradicción entre las resoluciones emitidas por JASAP y la CIPA, debemos señalar que no era necesario que mediara un criterio unánime de todos los foros en que se acudió de manera indistinta a cuestionar la conducta del apelante. De la evaluación de los escritos que obran en autos y de la prueba documental presentada en el Apéndice Conjunto, no hay margen a duda de que el apelante fue destituido por la comisión de un delito grave conforme lo dispone el Código Político, *supra*; que sus actos *"[e]videncian una clara y crasa negligencia... en el descargo de sus funciones como miembro de la Policía de Puerto Rico"* según concluyera el Tribunal Superior, Sala de Carolina, en el procedimiento civil antes citado, por lo cual procedía su despido, por éste no estar capacitado para ocupar un puesto en la Policía de Puerto Rico. El hecho de que al apelante se le concediera el privilegio de una sentencia suspendida en el caso criminal por parte del tribunal de instancia, no desvirtúa que fue convicto por delito grave lo cual unido a las circunstancias antes mencionadas lo inhabilitan para ejercer los deberes oficiales de su cargo. Art. 8 Ley Núm. 5 de 14 de octubre de 1975; 3 L.P.R.A. sec. 1336(8); *Hernández Cruz v. Sria. de Instrucción,* 117 D.P.R. 606, 615 (1986).

La destitución del apelante por parte del Superintendente se justifica ante la necesidad de proteger al servicio público y en particular la seguridad pública, de una persona que demuestra una actitud agresiva en el descargo de sus funciones y que pone en peligro la seguridad personal de otros ciudadanos. *Autoridad de Edificios Públicos v. Unión Independiente de Empleados,* opinión de 30 de junio de 1992, **92 J.T.S. 106,** pág. 9814.

## IV

Por último se nos solicita que se acoja en el presente recurso la resolución de la CIPA que exoneró al apelante por los actos de agresión y dejemos sin efecto la resolución emitida por JASAP confirmando la destitución.

La norma jurisprudencial sobre el recurso de *mandamus* dispone que por ser un recurso altamente privilegiado no procede expedirlo cuando no se han agotado los remedios disponibles en ley. *Alvarez de Choudens v. Tribunal Superior,* 103 D.P.R. 235, 242 (1975).

El tribunal de instancia al considerar el recurso de *mandamus* y nosotros como tribunal apelativo --de la sentencia de instancia-- no podemos adjudicar los planteamientos sobre la validez de la destitución, que el aquí apelante renunció de hacer por su inacción en JASAP y que por *fiat* judicial pretende presentar ahora. Un tribunal apelativo está impedido en considerar un planteamiento que no se hizo en el foro correspondiente, dentro del término jurisdiccional que determina la ley y que luego se intenta traer colateralmente en otro recurso legal. *Quintana Martínez v. Valentín,* 99 D.P.R. 255, 257 (1970); *Roberto R. Fuentes v. A.R.P.E.,* opinión de 30 de junio de 1992, **92 J.T.S. 105**, pág. 9807

Por los anteriores fundamentos se confirma en apelación la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior, de San Juan, denegando expedir el auto de *mandamus*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 205**

**1.** El recurso se presentó como *certiorari* y se acogió como uno de apelación. Véase Resolución emitida por el Tribunal de Circuito de Apelaciones, el día 25 de abril de 1995.

**2.** Véase Exhibit 1, Apéndice Conjunto, Carta de Destitución del Superintendente de la Policía. En adelante nos referiremos a los exhibits del Apéndice Conjunto como (Exhibit A.C.).

**3.** Este principio de derecho se ha hecho extensivo inclusive en los casos de desaforo. Véase, *In re: De Castro,* 100 D.P.R. 184, 197 (1971).

**4.** Sobre la conducta agresiva de policías y la acción disciplinaria, véase, Op. Sec. Just. Núm. 26 de 1978.

**5.** Conforme lo establece la Sección 2165, de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2165, se debe solicitar reconsideración de la orden o resolución en el foro administrativo, como requisito jurisdiccional para acudir en revisión al tribunal. *Carabani v. A.R.P.E.,* **93 J.T.S. 35**, pág. 10498; *Pagán Ramos v. F.S.E.,* opinión de 31 de enero de 1992, **92 J.T.S. 13.**