Eladio Cruz, demandante y apelante, *v.* Eduardo Garrido Morales, demandado y apelado.

Núm. 8164.—*Sometido:* Abril 15, 1941.—*Resuelto:* Mayo 20, 1941.

654

*Ismael Soldevila,* abogado del apelante; *Hon. Procurador General George A. Malcolm, M. Rodríguez Ramos, Procurador General Auxiliar, R. Díaz Cintrón, Asesor Legal del Departamento de Sanidad, Celestino Iriarte, F. Fernández Cuyar* y *Héctor González Blanes,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Eladio Cruz solicitó de la Corte de Distrito de San Juan la expedición de un auto de *mandamus* ordenando al Comisionado de Sanidad, Dr. Eduardo Garrido Morales lo repusiera en el cargo de Jefe local o Inspector de Sanidad de Vieques por haber sido ilegalmente destituído del mismo y además que se condenara al demandado a pagar al demandante daños y perjuicios consistentes en los salarios que dejó de percibir desde que fué suspendido de empleo y sueldo ascen-

dentes a $4,120.50 y $1,000 en concepto de honorarios de abogado.

Los hechos del caso, tal y como los resume la corte inferior en su relación del caso y cuya exactitud hemos comprobado con el examen que hemos hecho de la prueba presentada, son los siguientes:

"El 28 de marzo de 1934, el Subcomisionado de Sanidad Dr. Antonio Arbona formuló cuatro cargos, por conducta inmoral e inspecciones falsas, al peticionario Eladio Cruz, como jefe local o inspector de sanidad de Coamo, para entonces trasladado a Vieques, suspendiéndole de empleo y sueldo y dándole tres días para contestar por escrito a dichos cargos, los cuales son los siguientes:

" 'Conducta Inmoral: (a) Que durante los meses de julio y septiembre de 1933, siendo usted Inspector de Sanidad local en el Municipio de Coamo, indujo, intencionada y maliciosamente a que firmara el chauffeur Jerónimo Rivera, dueño del automóvil Núm. P. 614, formas de borderó por servicios al Gobierno Insular en la Inspección de vaquerías en ese municipio el día 12 del mes de julio de 1933 y en los días 1 y 30 del mes de septiembre de 1933, no habiendo sido prestados estos servicios por el referido chauffeur, certificando usted dichas cuentas de viaje con su firma.

" '(b) Que de la misma manera que se especifica en el cargo Núm. 1, usted consiguió que el chauffeur Fernando A. Esteban dueño del automóvil Núm. P. 1437, firmara formas de borderó por servicios prestados al Gobierno Insular en la inspección de vaquerías del Municipio de Coamo durante el día 27 del mes de octubre del año 1933, no habiendo sido prestados los susodichos servicios, por el chauffeur Fernando A. Esteban al Gobierno Insular, certificando usted dichas cuentas de viaje con su firma.

" '(c) Que usted al señor Juan Colón López, quien se dedica en el Municipio de Coamo a hacer planos para la construcción y reconstrucción de casas, le exigió dinero, que usted recibió en distintas ocasiones, para la recomendación favorable de los planos del Departamento de Sanidad para su aprobación; o de lo contrario usted no le daba curso a los mismos, lo cual implica una inmoralidad de su parte en el cumplimiento del deber.'

" 'Inspecciones Falsas: (a) Que usted maliciosa e intencionadamente simuló viajes de inspección de vaquerías del Municipio de Coamo con el deliberado propósito de cobrar las cuentas de viajes por ese concepto para pagar otras cuentas de viajes contraídas por

usted para trasladarse en asuntos privados al pueblo de San Germán, en el automóvil Núm. P. 1437, propiedad del *chauffeur* Fernando A. Esteban, constituyendo esto, además de un engaño una flagrante violación a los más elementales principios de sericdad en el cumplimiento del deber.'

"En 31 de marzo de 1934, el querellado, por medio de sus abogados Guerra Mondragón & Soldevila, y en carta dirigida al Subcomisionado Dr. Arbona, contestó los cargos diciendo:

" 'Que niega general y específicamente todos y cada uno de dichos cargos, por no ser ciertos.

" 'Alega además dicho Eladio Cruz, que los cargos aludidos fueron ya motivo de investigación, en la cual recayó decisión favorable.'

"En 18 de abril de 1934, el Comisionado de Sanidad Dr. E. Garrido Morales, remitió toda la documentación relacionada con el asunto, incluyendo los cargos y la contestación, a la Comisión de Servicio Civil, para que los investigara y resolviera de acuerdo con el primer párrafo de la sección 28 de la Ley de Servicio Civil, y así se lo informó también al querellado en carta que en dicha fecha le dirigiera por conducto de sus abogados, en la que le decía además que continuaba suspenso de empleo y sueldo hasta que la comisión resolviera.

"Así las cosas, se celebró en 15 de mayo de 1934 la vista de los cargos ante la Comisión de Servicio Civil, con la asistencia del Subcomisionado Dr. Arbona, en representación del Comisionado Garrido Morales, y del querellado Eladio Cruz, quien estuvo representado por el abogado Ismael Soldevila. En esa vista se produjo evidencia de cargo y de descargo, oyéndose así al querellado, y en ella el Comisionado de Sanidad, según se alega en el párrafo 5 de la primera causa de acción de la demanda, retiró dos de los cargos, o sea el de conducta inmoral letra (*b*), en relación con servicios no prestados por el *chauffeur* Fernando A. Esteban, y el de inspecciones falsas letra (*b*) y sostuvo los otros dos.

"

"En 17 de septicmbre de 1934, la Comisión de Servicio Civil resolvió el asunto, declarando que el cargo de conducta inmoral letra (*a*) contra Eladio Cruz, como jefe local o inspector de sanidad de Coamo, había sido suficientemente probado por el querellante, y que, consiguientemente, no debía continuar al servicio de El Pueblo de Puerto Rico y del Departamento de Sanidad, ordenando fuera separado del cargo desde la fecha de la suspensión de empleo y sueldo

y que se notificara a las partes. Y éntonces, el Dr. Garrido Morales, Comisionado de Sanidad, notificado que fué con copia certificada de la resolución, dirigió con fecha 29 de septiembre de 1934 una comunicación por correo certificado al querellado Eladio Cruz, diciéndole:

"'3. De acuerdo con la citada resolución, se le informa que *por la presente queda usted destituído del cargo* de inspector de sanidad, con un sueldo anual de $855, que ha venido usted desempeñando en este Departamento, siendo efectiva esta destitución desde el día 31 de marzo de 1934, fecha en que usted recibió los citados cargos.'

"

"En 22 de octubre de 1934, Eladio Cruz interpuso ante esta corte (la de Distrito de San Juan) un recurso (caso núm. 21799) contra la Comisión de Servicio Civil y el Comisionado de Sanidad, para revisar el procedimiento seguido, y en ese caso la corte, en 28 de octubre de 1937, dictó sentencia como sigue:

"'La corte declara con lugar la petición, anulando y dejando sin efecto la resolución de 17 de septiembre de 1934, de la Comisión de Servicio Civil, por la que separa a Eladio Cruz del cargo de Jefe Local de Sanidad de Coamo desde la fecha en que fué suspendido de empleo y sueldo por el Dr. Antonio Arbona, Subcomisionado de Sanidad; y declara sin lugar dicha petición en cuanto solicita que por la comisión y el Comisionado de Sanidad se le reponga en el cargo de Jefe Local de Sanidad de Vieques y se le paguen los sueldos devengados desde que fué suspendido de empleo y sueldo, con las costas al peticionario, sin incluir honorarios de abogado. El Secretario devolverá el expediente a la comisión.'"

El 20 de enero de 1938 el demandante requirió por escrito al demandado para que tomara las medidas necesarias a fin de que su nombre fuera restituído en las listas de elegibles del Servicio Civil de las cuales había sido eliminado, a lo que le contestó el demandado en febrero 1º. que no podía recomendar su reposición en dichas listas por haber sido el demandante destituído por el departamento por cargos que se consideraron probados. El 23 de febrero de 1938 el Lic. Soldevila escribió al demandado insistiendo en la reposición del demandante en su cargo habiéndole contestado el demandado el 4 de marzo copiándole la carta que el día 1º. de

febrero le habían dirigido al demandante. El 25 de marzo de 1938 radicó el demandante su petición de mandamus en la corte inferior.

De la sentencia que la declaró sin lugar apela el demandante y basa su recurso en catorce señalamientos de error algunos de los cuales no discute en su alegato y en cuanto a otros lo hace en grupos o separadamente. Sin embargo, la contención principal del apelante es que fué destituído por la Comisión de Servicio Civil y no por el demandado, Comisionado de Sanidad, y que, habiendo sido anulada por la corte inferior la resolución que dictó la comisión, la vista de los cargos que ante ella se celebró no podía servir de base al comisionado para destituirle y que, por lo tanto, no se celebró vista alguna de los cargos y no tuvo oportunidad de defenderse.

Lo que hizo la corte inferior en el recurso de revisión núm. 21799 supra, fué anular la resolución de la Comisión de Servicio Civil a virtud de la cual ordenaba la destitución del demandante de su cargo, aplicando así la jurisprudencia de este tribunal sentada en los casos de *Pérez Marchand v. Garrido, Comisionado,* 48 D.P.R. 457 y *Domenech, Tesorero v. Corte,* 48 D.P.R. 542 al efecto de que de acuerdo con la sección 28 de la Ley del Servicio Civil de Puerto Rico (Leyes de 1931, pág. 557) corresponde al funcionario nominador la facultad de destituir al funcionario o empleado por él nominado y que la comisión sólo puede intervenir para ordenar su reposición en aquellos casos en que se le destituya por razones de orden político o religioso. En el recurso de revisión no estaba envuelta ni fué objeto de resolución por la corte la destitución del demandante decretada por el demandado y, tan es así, que la corte en su sentencia declaró sin lugar la petición en cuanto por ella se pedía que se ordenara que tanto por la comisión como por el demandado se repusiera al demandante en su cargo de jefe local de sanidad de Vieques.

Aparece, de la prueba documental y testifical presentada en el caso de autos, que fué el demandado, independientemente de lo que recomendara o hiciera la comisión, el que destituyó al demandante. La documental, la carta de fecha 29 de septiembre de 1934, supra, y la testifical, la declaración del demandado durante el juicio cuando se expresó en esta forma:

".. . Antes de yo actuar destituyendo al inspector Eladio Cruz, yo estudié detenidamente primero la formulación de los cargos que le había hecho el Dr. Arbona, y luego la contestación que él dió a estos cargos; luego el informe del Auditor de Puerto Rico, o una investigación que se practicó en relación con ciertos hechos por un inspector del Departamento de Auditoría.

" . . . . . . . . .

"El Auditor hizo esa investigación por indicaciones mías y me dió base esa investigación para destituir a este empleado.

" . . . . . . . . .

"Antes de destituirlo consideré ese informe, *consideré las razones que él presentó ante la Comisión de Servicio Civil de Puerto Rico, donde estuve yo representado por el Dr. Arbona, y consideré los cargos y la contestación que él dió a esos cargos. Después de considerar todo eso, entonces fué que yo destituí al señor. . . .*

" . . . . . . . . .

".. . *Después de analizar toda esta prueba que tuve ante mi consideración,* entonces envié una carta por correo certificado al señor Eladio Cruz, cuyo título era: Asunto, destitución, y *ordenando la destitución de este empleado del Departamento de Sanidad.*" (Itálicas nuestras.)

La cuestión legal a resolver es si el demandado destituyó al demandante cumpliendo con los requisitos que la Ley de Servicio Civil exige en estos casos, es decir, por justa causa, con formulación de cargos y oportunidad para defenderse, pues sólo en el caso de no haberlos cumplido y de haber actuado el demandado arbitrariamente es que el funcionario o empleado destituído tiene derecho a solicitar y obtener su reposición por medio de un auto de *mandamus.* *Pérez Marchand* v. *Garrido,* supra.

La evidencia a que nos hemos referido antes demuestra que al demandante se le formuló un pliego de cargos, que los contestó en forma genérica, que se le celebró una audiencia ante la Comisión de Servicio Civil donde se practicó la prueba de cargo y de descargo, que el demandado estuvo representado en dicha audiencia por el Subcomisionado Dr. Arbona y el demandante por su abogado, que el demandado tomando en consideración los cargos, la contestación del demandante, la prueba presentada ante la comisión que estaba detallada en la resolución que ésta dictó y además un informe rendido por el Auditor de Puerto Rico, consideró probados los cargos y destituyó al demandante. El hecho de que la vista se celebrara ante la comisión no vicia de nulidad el procedimiento.

El caso de *Domenech, Tesorero* v. *Corte,* supra, citado por el apelante no es aplicable a los hechos del caso que resolvemos.* En aquél, después de haber sido destituído por el Tesorero el empleado acudió a la Comisión de Servicio Civil solicitando su reposición y este organismo celebró una audiencia y ordenó su reposición. Este tribunal por *certiorari* anuló la sentencia de la corte inferior que se negó a revisar la resolución de la comisión, así como dicha resolución, y se dijo lo siguiente:

"La última parte del artículo 28 es terminante: la comisión podrá reponer a un funcionario o empleado separado, sólo en caso de que, previa audiencia, resultare que la separación se debió a razones de orden político o religioso. El texto inglés usa la palabra '*removal*', el español 'separación', que no es exactamente lo mismo, porque un empleado puede ser separado por causas que realmente no equivalgan a una destitución. Ahora bien, si la comisión únicamente puede reponer al funcionario o empleado cuando la destitución se deba a razones políticas o religiosas, ¿para qué imponerle el deber de investigar y decidir cuestiones ajenas a la religión y a la política? ¡Cabe concebir que la ley haya querido encomendarle a este organismo una labor completamente inútil y que no ha de surtir efecto alguno, limitado como está a ordenar la reposición únicamente cuando la política o la religión hayan motivado la destitución del empleado?

En realidad no concebimos cómo pueda atribuirse a la Asamblea Legislativa una intención que prácticamente no conduce a ningún fin. *Y no se diga que la comisión actúa como árbitro o referee y que el funcionario nominador conserva el derecho de dictar la resolución definitiva, porque un árbitro se nombra cuando hay que decidir una cuestión y no cuando ésta ha sido ya decidida, como ocurre una vez destituído el empleado o funcionario. . . ."* (Itálicas nuestras.)

Sostiene el apelante que lo que aparece en itálicas es autoridad para sostener que la vista de los cargos no pudo celebrarse ante la comisión. La situación de hechos es distinta en uno y otro caso. En el de *Domenech,* la comisión pretendió intervenir cuando ya el funcionario nominador había actuado destituyendo al empleado sin que se tratara de un caso en que estuviera envuelta ninguna cuestión de orden político o religioso. Expresamente se resolvió que un árbitro se nombra cuando hay que decidir una cuestión y no cuando ésta ha sido ya decidida como ocurre una vez destituído el empleado. En el caso de autos el demandado, Comisionado de Sanidad, no había resuelto nada cuando sometió el caso para su vista ante la comisión, delegando su representación en el Subcomisionado Dr. Arbona. La Ley de Servicio Civil no exige expresamente que la audiencia de los cargos tenga que celebrarse ante el funcionario nominador ni le prohibe delegar en la comisión o en el Subcomisionado para que oigan la prueba y le rindan un informe de la misma, antes de proceder a resolver el caso y destituir al empleado. No es que la comisión o el Subcomisionado en este caso actúen como árbitros, pues no han de decidir el caso, sino que reciben y oyen la prueba e informan al funcionario nominador, que entonces resuelve, con su propio criterio. El procedimiento se ha seguido generalmente por aquellos funcionarios nominadores que, debido a sus múltiples ocupaciones y deberes, no pueden personalmente presidir la audiencia de los cargos. Así, por ejemplo, el Gobernador al formular cargos a un funcionario o empleado nombrado por él por lo general ha

designado a un juez de distrito para que oiga la prueba y le rinda un informe, procediendo entonces él a resolver el caso. Lo que la ley requiere es que al funcionario o empleado se le dé la oportunidad de oír la prueba que se presente en su contra y que tenga la oportunidad de defenderse; que tenga su "día en corte". Somos de opinión que el demandante lo tuvo en este caso y que la ley se cumplió.

El demandante alega como error que el demandado tomó en consideración para destituirlo, y así lo declaró, un informe del Auditor de Puerto Rico que no fué presentado en la vista celebrada ante la Comisión de Servicio Civil y que, por tanto, al demandante se le privó del derecho a repreguntar a los testigos que aparecían declarando en la investigación practicada por el Auditor. Hemos examinado el informe rendido por este funcionario al demandado (*Exhibit* "A" del demandado) y el mismo contiene las declaraciones prestadas bajo juramento por los testigos Jerónimo Rivera y Fernando A. Esteban en la investigación que hizo el Examinador de Cuentas de la oficina del Auditor de Puerto Rico. La declaración del testigo Esteban no pudo ser perjudicial al demandante porque el demandado desistió específicamente del cargo marcado con la letra (*b*) que se refería a servicios no prestados por el *chauffeur* Fernando A. Esteban y así el demandado no tuvo para qué tomar en consideración dicha declaración al destituir al demandante. En cuanto a la del testigo Jerónimo Rivera, tampoco puede quejarse el demandante porque dicho testigo declaró en la vista de los cargos y fué ampliamente repreguntado por el abogado del demandante, pues el contrainterrogatorio llena diez y nueve páginas de la transcripción de evidencia. No puede, en verdad, sostenerse que el demandante no tuvo la oportunidad de confrontarse con toda la prueba en su contra según se argumenta en el octavo error. [4, 5] Tampoco tuvo la corte inferior que tomar en consideración el hecho de que el demandante había sido absuelto en una causa criminal seguida en su contra por los mismos hechos que sirvieron

de base a la destitución. La acción criminal es independiente de la administrativa y no está la una supeditada a la otra. Sería atar de manos a todo funcionario nominador y privarle de las prerrogativas que la ley le reconoce en materia de destituciones, si las cortes estuvieran obligadas a ordenar la reposición de un empleado por el hecho de que otro tribunal le había absuelto en una acción criminal surgida de los mismos hechos que motivaron la destitución.

 Sostiene además el demandante que su destitución es ilegal porque la misma no fué aprobada por el Gobernador de Puerto Rico de acuerdo con el artículo 8 de la Ley núm. 81 para reorganizar el Servicio de Sanidad, aprobada el 14 de marzo de 1912 (pág. 126) que dispone lo siguiente:

"Artículo 8.—El Director de Sanidad tendrá facultades para nombrar, trasladar y separar por justa causa, con la aprobación del Gobernador, de acuerdo con la Ley de Servicio Civil, a los empleados cuyos nombramientos no se dispusieran de otro modo en esta Ley; *Disponiéndose*, que no será necesaria dicha aprobación para nombrar, trasladar o separar empleados temporeros, o para suspender provisionalmente a cualquier empleado."

En primer término diremos que esta cuestión se levanta por primera vez en apelación y no fué objeto de pronunciamiento alguno por la corte inferior, lo que sería suficiente para que no la consideráramos. Esto no obstante, somos de opinión que el precepto de la Ley de Sanidad transcrito aprobado en el año 1912, en tanto en cuanto requiere que la separación o destitución de empleados tenga que hacerse con la aprobación del Gobernador, ha quedado sin efecto de acuerdo con la Ley de Servicio Civil aprobada el 11 de mayo de 1931 que por su sección 28 reconoce a los funcionarios nominadores, como lo es el demandado, el poder para destituir por justa causa a los funcionarios y empleados nombrados por él, sin exigirse aprobación de clase alguna por parte del Gobernador de Puerto Rico.

Los demás errores señalados por el demandante se refieren a la desestimación de la segunda causa de acción sobre

reclamación de daños y perjuicios, la que necesariamente dependía de la primera, y al haber declarado la corte inferior que el demandante incurrió en demora innecesaria (*laches*) en la formulación de la petición de mandamus que, aún cuando se hubieran cometido no harían variar el resultado del caso. Somos de opinión que en la destitución del demandante se cumplió sustancialmente con los requisitos de ley y que no procedía el mandamus solicitado ordenando su reposición.

*Se declara sin lugar el recurso y se confirma la sentencia apelada.*