# 2000 DTA 106

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

JORGE L. SANTIAGO ROSARIO
Recurrido

v.

ADMINISTRACION DE CORRECCION
Recurrente

Núm. KLRA-99-00805

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano,
la Juez Feliciano Acevedo y el Juez Aponte Jiménez

Aponte Jiménez, Juez Ponente

### TEXTO COMPLETO DE LA RESOLUCION

La recurrente Administración de Corrección, en adelante *"Administración"*, nos solicita que dejemos sin efecto una resolución emitida por la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A. P.) mediante la cual ésta le revocó su decisión de destituir al señor Jorge L. Santiago Rosario, aquí recurrido, ordenando, a su vez, la reinstalación a su puesto. Le imputa a J.A.S.A.P. haber cometido error ya, que su curso

de acción conflige con lo resuelto en *San Vicente Frau v. Policía de Puerto Rico*, **96 J.T.S. 148.** ■ Atendido el recurso ante nuestra consideración y a la luz de los fundamentos que a continuación esbozamos, acordamos denegar la expedición del auto solicitado.

Según se desprende del expediente los hechos no están en controversia. El recurrente Santiago Rosario prestaba servicio en la Administración como Técnico de Récord Penal III. No surge de los autos que como tal tuviese contacto con la población penal. En una acción criminal instada en su contra, se declaró culpable de haber cometido el delito grave de maltrato agravado estatuido en el Artículo 3.2 de la Ley Núm. 54 del 15 de agosto de 1989, conocida como la Ley para la Prevención e Intervención con la Violencia Doméstica, 8 L.P.R. A. sec. 632.

El Tribunal de Primera Instancia permitió que el acusado se acogiera al programa de desvío que provee el Artículo 3.6 de la referida ley, 8 L.P.R.A. sec. 636, sujeto a ciertas condiciones que debía cumplir para poder disfrutar de ese beneficio. Emitió resolución a esos efectos. Ordenó la paralización de los procedimientos en el caso y sometió al acusado a libertad a prueba por un término de dieciocho (18) meses. ■

Como consecuencia de lo anterior, la Administración, apoyándose en el Artículo 208(8) del Código Político, 3 L.P.R.A. sec. 556(8), ■ le notificó al recurrido la intención de decretar su inhabilidad para ocupar el puesto de carrera como Técnico de Récord Penal III que hasta ese momento había desempeñado. Le indicó que se tenía constancia de su alegación de culpabilidad en el aludido caso penal y que su convicción constituia *"una conducta inmoral e incompatible"* con su puesto y *"lesiona[ba] la figura ejemplarizante del mismo, cuyo deber implica[ba] el cumplimiento riguroso con la ley y el orden, y la responsabilidad de exigir a otros convictos el cumplimiento de ese deber".* ■ De los autos no surge la imcompatibilidad con su puesto alegado por la Administración tomando en consideración las funciones del mismo.

El recurrido solicitó una vista administrativa informal con miras a demostrar que no procedía la separación de su cargo. Celebrada la misma, el oficial examinador resolvió. Rindió su informe a base de la prueba obrante en el expediente y la credibilidad que le mereció el recurrido. Determinó los hechos generales antes relatados. Concluyó que a base del Artículo 208(8) del Código Político, *supra*, y la sección 9.2, (sic), inciso 4 y 5, de la Ley de Personal del Servicio Público de Puerto Rico, Ley Núm. 5 de 14 de octubre de 1975 según enmendada, 3 L.P.R.A. sec. 1371 (4) y (5), [5] la conducta imputada es una lesiva al buen nombre de la Administración y era incompatible a las funciones de su cargo, todo ello sin importar que se acogiera al procedimiento de desvío. De esa forma recomendó su destitución del puesto que ocupaba. La Administración acogió dicha recomendación. Efectivo el 6 de agosto de 1998, lo destituyó de su empleo. ■

De dicho dictamen, apeló el recurrido a la J.A.S.A.P. Junto con su apelación solicitó remedios urgentes señalando que la destitución le impedía generar ingresos y que, por ello, se propiciaba el incumplimiento con una de las condiciones del procedimiento de desvío, a saber: el pago de la pensión alimentaria. Toda vez que J. A.S.A.P. no actuó con la rapidez que su reclamo exigía, presentó ante el Tribunal de Primera Instancia, Sala Superior de Ponce, una demanda sobre *injunction* preliminar y permanente, y daños y perjuicios. Celebrada una vista para discutir el asunto, el foro de instancia resolvió. Denegó la solicitud de *injunction*. Inconforme con tal dictamen, acudió ante este Tribunal. Una prestigiosa e informada Triada de este Foro ■ revocó la resolución impugnada. Ordenó la paralización de la destitución en controversia. No surge del expediente ante nuestra consideración que alguna de las partes haya recurrido al Tribunal Supremo en alzada de dicho dictamen por lo que entendemos que el mismo advino final y firme.

Luego de varios trámites procesales en J.A.S.A.P. que requirieron la imposición de sanciones económicas a la Administración, las partes sometieron el caso por el expediente. ■ J.A.S.A.P. entonces emitió la resolución que se encuentra ante nuestra consideración. Recogió esencialmente los hechos antes reseñados. Expuso también que la Administración fundamentó la destitución exclusivamente en la convicción por el delito grave de maltrato agravado y siendo esa la razón del despido el mismo era improcedente por no existir justa causa, ya

que, según lo dispone el Artículo 3.6 de la Ley de Violencia Doméstica, *supra*, tal convicción no podía ser utilizada para esos fines. Concluyó que no procedía la destitución del recurrido. De esa forma revocó y ordenó la reinstalación del recurrido a su trabajo.

En desacuerdo con ese resultado, la Administración solicitó oportunamente reconsideración. J.A.S.A.P. no pasó juicio alguno sobre ella dentro de término establecido por ley. A base de ello, recurre ante nos con el recurso de que nos ocupamos. Reproduce los argumentos elaborados en su moción de reconsideración. Plantea que la destitución estaba plenamente justificada. Argumenta que la única razón para el despido no fue la convicción del delito, sino haber aceptado el recurrido la culpabilidad de la comisión de los hechos delictivos lo cual lesionaba el buen nombre de la agencia, siendo ello incompatible con su trabajo, según el Artículo 8.3 del Reglamento de Personal de Carrera. Señala también que *San Vicente Frau v. Policía de Puerto Rico, supra*, dispone de la controversia ya que es irrelevante el hecho de si hubo o no una convicción. Sostiene que lo importante es que la comisión de delitos bajo la Ley Núm. 54, *supra*, es incompatible con el ejercicio de las funciones de un empleado de una agencia de seguridad pública. Por último, aduce que el sobreseimiento bajo la sección 3.6 de la Ley Núm. 54, *supra*, no impide la destitución ya que la convicción por el delito no fue la razón única del despido.

El recurrido se opone. Elabora esencialmente los planteamientos sometidos en su apelación ante J.A.S.A.P. Aduce que no existía justa causa para su destitución, habida cuenta que no ha sido convicto de delito alguno, pues de conformidad con el Artículo 3.6 de la Ley de Violencia Doméstica, *supra*, la suspensión del procedimiento criminal en su contra no tenía el efecto de una convicción. ■ Señala que había cumplido fielmente con las condiciones impuestas como parte del procedimiento de desvío. ■ Expone además, que la norma de *San Vicente Frau v. Policía de Puerto Rico, supra*, se limita a que cuando se demuestren hechos específicos de un funcionario que denoten conducta incorrecta con sus funciones como empleado público, procede la destitución de ese empleado aunque por esos mismos hechos se instara una acción criminal y la misma adviniera en una decisión favorable al empleado. A base de ello, sostiene que dicha decisión no dispone de este caso, ya que aquí la Administración no demostró tales hechos en la vista celebrada.

Comenzamos por señalar que, conforme nuestro ordenamiento jurídico, la función revisora de los tribunales con respecto a las determinaciones de los organismos administrativos es una de carácter limitado. A esos efectos, se ha desarrollado la doctrina en el sentido de que las decisiones de los organismos administrativos merecen gran deferencia y respeto por los tribunales. Ello se basa en la experiencia y peritaje que gozan dichos organismos en las áreas de su competencia. *Misión Industrial v. Junta de Planificación*, **98 J.T.S. 79**; *Maisonet Felicié v. Corporación del Fondo del Seguro del Estado*, **96 J.T.S. 169**. De esa forma, las decisiones administrativas tienen a su favor una presunción de regularidad y corrección que prevalece mientras la parte que las impugne no produzca suficiente evidencia para derrotarlas. *Misión Industrial v. Junta De Planificación, supra*; *Henríquez v. Consejo de Educación Superior*, 120 D.P.R. 194 (1987).

Por ello, los tribunales deben limitarse a determinar si la agencia actuó arbitraria o ilegalmente, o en forma tan irrazonable que su actuación hubiese constituido un claro abuso de discreción. Fuertes v. A.R.P.E., **93 J.T.S. 165**; *Murphy Bernabé v. Tribunal Superior*, 103 D.P.R. 692 (1975). Es decir, deben indagar sobre la razonabilidad de la decisión administrativa y no sustituir el criterio de dicho organismo por el suyo propio a menos que se violen derechos constitucionales o que la actuación administrativa sea totalmente arbitraria. *La Facultad para las Ciencias Aplicadas, Inc. v. C.E.S.*, **93 J.T.S. 88.** Con estos principios en mente, pasemos a evaluar el asunto en cuestión.

Es norma establecida que una persona puede ser expuesta, tanto a un proceso criminal como a un proceso administrativo por los mismos hechos. Esto es así porque un proceso criminal es totalmente independiente y separado del proceso administrativo. *Cruz v. Garrido Morales*, 58 D.P.R. 653, 663 (1941). Por tal razón, se ha resuelto que aun cuando el funcionario o empleado público salga absuelto o se le archive la denuncia en una causa penal, ello no impide que se le pueda imponer medidas disciplinarias en su contra, incluyendo la

destitución de su empleo, basado en los mismos hechos que motivaron el proceso penal. *San Vicente Frau v. Policía de Puerto Rico, supra,* pág. 332; *Pagán Hernández v. U.P.R.,* 107 D.P.R. 720, 748 (1978). De permitir que la acción criminal supedite la determinación administrativa, se estaría atando *"de manos a todo funcionario nominador y priv[ándole] de las prerrogativas que la ley le reconoce en materia de destituciones". Cruz v. Garrido Morales, supra,* pág. 663.

La Ley Orgánica de la Administración de Corrección, Ley Núm. 116 de 22 de julio de 1974, según enmendada, 4 L.P.R.A. sec. 1101 y ss., establece que la Administración tendrá un Sistema de Personal autónomo basado en el principio de mérito el cual será implantado y administrado mediante reglamento. A esos efectos se promulgó el Reglamento de Personal para los empleados de carrera de la Administración de Corrección. Dispone en su Artículo 8.3, incisos 4 y 5, que se puede destituir a un empleado por *"observar conducta incorrecta o lesiva al buen nombre de la agencia o al Gobierno de Puerto Rico"* y por *"incurrir en prevaricación, soborno o conducta inmoral".*

En el presente caso, el recurrido se declaró culpable de haber cometido el delito de maltrato agravado. Aunque del expediente no se desprenden los hechos demostrativos de la conducta de maltrato ni las circunstancias que configuran su modalidad de agravado, las partes han planteado sus posturas bajo la premisa de que el señor Santiago Rosario hizo alegación de culpabilidad por violación del Artículo 3.2 de la Ley Núm. 54, *supra,* es decir, maltrato agravado. ▉ Al tener conocimiento, la Administración de tal evento y bajo la facultad de disciplinar a sus empleados, decidió destituirlo por razón de que su conducta, constitutiva de maltrato agravado era lesiva al buen nombre de la agencia e incompatible con su puesto, todo ello en contravención con sus normas reglamentarias.

A juicio nuestro, bajo las circunstancias atinentes, ese curso de acción constituyó una actuación arbitraria e irrazonable. No surge del dictamen de la Administración ni de los documentos existentes en el expediente cuáles son los deberes y funciones del señor Santiago Rosario como Técnico de Récord Penal III. Tampoco hay constancia de qué forma ni cómo los eventos relacionados con la acción penal afectan el buen nombre de la agencia y constituyen conducta incompatible con su puesto. La Administración simplemente concluyó que la admisión de culpabilidad por el delito cometido violaba las normas reglamentarias de dicha agencia. Sin embargo, no ilustra cuáles fueron las razones para concluir de esa forma. Ante esa situación, no podemos sostener su decisión.

Por otro lado, no nos persuade el argumento de que *San Vicente Frau v. Policía de Puerto Rico, supra,* dispone de este caso. Allí, el Tribunal Supremo ratificó la facultad del Superintendente de la Policía de Puerto Rico para destituir de su empleo a un miembro de la Uniformada por razón de éste haber estado involucrado en una situación de violencia doméstica, no obstante haberse archivado la denuncia en la esfera penal. Para ello expuso que *"[e]l policía desempeña funciones de vital importancia, a saber, prevenir y combatir la comisión de delitos, imponer respeto y restablecer el orden. ... Es pues, requisito indispensable, que cada miembro de la Uniformada posea un mínimo de auto-control y aptitud de mantener ecuanimidad y cordura en todo momento, [y] la capacidad de apaciguar ánimos exacerbados". Id.,* pág. 330.

La situación contemplada en el caso ante nuestra consideración es distinta. Hay que tomar en cuenta que el recurrido se desempeña como Técnico de Récord Penal III. No surge de los autos que su trabajo le requería estar en contacto con los confinados o tuviese de alguna forma las responsabilidades de un policía, agente del orden público o guardia penal. Tampoco que el mismo está relacionado con la seguridad en las instituciones penales. Actuó correctamente J.A.S.A.P. al revocar el dictamen de la Administración y ordenar la reinstalación del recurrido a su trabajo.

Por último, aclaramos que nada de lo anterior implica que estemos negando virtualidad o menospreciando, tanto a la política pública en contra de la violencia doméstica como a la facultad de la Administración de disciplinar a sus miembros. Las circunstancias del caso de autos, sin embargo, no nos permiten tomar otro curso

decisorio.

Por los fundamentos antes expuestos, resolvemos que no se cometió el error señalado, por lo que denegamos expedir el auto solicitado.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General